UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **CHESTER MAY and PEGGY MAY,** | **CIVIL ACTION NO. 5:24-CV-89-KKC** |
| **Plaintiffs,** | |
| **V.** | **OPINION AND ORDER** |
| **EQUIFAX INFORMATION SERVICES, LLC et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

The matter is before the Court on defendant Rocket Mortgage, LLC's motion to dismiss the amended complaint. (DE 25.) For the following reasons, the motion is denied.

**I.    Background**

Prior to 2018, plaintiff Chester May ("Mr. May") owned a property to which defendant Rocket Mortgage, LLC ("Rocket Mortgage") held a real estate mortgage. In April 2018, Rocket Mortgage foreclosed and sold the property secured by the mortgage after Mr. May's account fell into default. The Mays allege this foreclosure sale either satisfied the mortgage entirely, or Rocket Mortgage waived any deficiency.

Between September 23, 2021, and July 29, 2022 (the "Relevant Period"), the Mays allege Rocket Mortgage made several requests for and received numerous copies of Mr. May's credit report. The Mays' claim against Rocket Mortgage arises from those credit pulls.

In May 2024, Rocket Mortgage moved to dismiss the complaint but the Mays' requested, and were granted, leave to amend their original complaint. (DEs 14,19, 21.) Rocket Mortgage now moves to dismiss the amended complaint. (DE 25.)

1

## II.      Standard of Review

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). At the pleading stage, Rule 8(a)(2) requires only a short and plain statement which shows that the pleader is entitled to relief and which gives the defendant notice of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). To survive a motion to dismiss, the factual claims in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III.     Analysis

The Mays' claim against Rocket Mortgage arises out of the Fair Credit Reporting Act ("FCRA"). The FCRA allows disclosure of credit information to an entity for statutorily enumerated purposes. 15 U.S.C. § 1681b. It is a violation of that section for an entity to access a consumer's credit information without a permissible purpose. § 1681b(f). Plaintiffs claiming a defendant violated § 1681b must prove (1) there was a consumer report; (2) the defendant used or obtained that report; and (3) the defendant did so without a permissible purpose. *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014). Rocket Mortgage contests only the sufficiency of allegations regarding the third element. (DE 25 at 3-8.)

Rocket Mortgage first argues the Mays' amended complaint is deficient because it includes bare allegations that Rocket Mortgage did not have a permissible purpose. (DE 25 at 3-4.) Rocket Mortgage collects cases from federal courts across the country to support the rule that such bare allegations are insufficient. *Thomas v. Fin. Recovery Servs.*, No. EDCV 12-1339 PSG OPX, 2013

2

WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ("Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate,"); *Tuck v. Portfolio Recovery Assocs., L.L.C.*, No. 19-CV-1270-CAB-AHG, 2019 WL 5212392, at *6 (S.D. Cal. Oct. 16, 2019) ("Plaintiff fails to allege sufficient facts to support a reasonable inference that any Defendant obtained his consumer report for an impermissible purpose.") While this Court agrees with the general rule Rocket Mortgage and these other courts identify, the Court finds the rule does not make a difference here.

In this case, the Mays' amended complaint does list most of the statutorily enumerated permissible purposes and allege that none apply. (DE 19-1 at Page ID# 106-08.) But the amended complaint here does what each of those in the cases Rocket Mortgage cites did not—it includes facts to support the allegations. For example, the Mays allege the permissible purpose described in § 1681b(a)(1), permitting credit pulls pursuant to a court order, is not applicable. (*Id.*) Rather than simply stating that conclusion, however, the amended complaint asserts "Rocket Mortgage has initiated no legal proceeding against Mr. May," that would have rendered § 1681b(a)(1) applicable. (*Id.*) The amended complaint repeats this pattern of factual allegation followed by conclusion that a particular purpose does not apply for almost all the statutorily enumerated purposes identified in § 1681b. The Court takes each of the Mays' factual allegations as true. Thus, Rocket Mortgage's argument that the Mays' amended complaint is too factually bare is insufficient to grant dismissal.

Rocket Mortgage next argues the amended complaint should be dismissed because the Mays fail to address the permissible purpose listed in § 1681b(a)(3)(A). (DE 25 at 7.) Under § 1681b(a)(3)(A), a consumer's credit information may be furnished to an entity that "intends to use the information **in connection with a credit transaction** involving the consumer . . . involving

the **extension** of credit to, or **review** or **collection** of an account of, the consumer." § 1681b(a)(3)(A) (emphasis added). Rocket Mortgage argues that facts were not plead which show that it did not obtain Mr. May's information for this purpose.

Rocket Mortgage makes a variety of arguments to explain why the amended complaint does not sufficiently address the permissible purpose listed in § 1681b(a)(3)(A). Chief among them are two points: one, that Rocket Mortgage was permitted to conduct the credit pulls if it contemplated extending new credit to the Mays; and two, that Rocket Mortgage was permitted to conduct the credit pulls to review its old account with Mr. May. Rocket Mortgage points to the following facts in the amended complaint as insufficient to address these points:

> 41. At no time since April 2018 has Mr. May applied for credit with Rocket Mortgage or any affiliate, subsidiary, predecessor, or successor of Rocket Mortgage.
>
> 42. At no time since April 2018 has Mr. May had an open loan or other account with Rocket Mortgage.
>
> 43. At no time since April 2018 has Mr. May had any business relationship whatsoever with Rocket Mortgage.

(DE 19-1.) The Court will take Rocket Mortgage's arguments in turn.

First, Rocket Mortgage explains that allegation #41 is insufficient to address § 1681(a)(3)(A) because the relevant "credit transaction" can be initiated by a third party. (DE 25 at 7-8) (citing *Wells v. Craig & Landreth Cars, Inc.*, 474 F. App'x 445, 447 (6th Cir. 2012)). Rocket Mortgage does not contest the veracity of allegation #41. Rather, Rocket Mortgage argues that its credit pulls were permissible because a third party *could have* initiated the request for a credit extension on the Mays behalf, and the Mays do not plead facts demonstrating that such a situation did not occur. This argument, however, overlooks the plausible reading of factual allegations #42 and #43. Allegations #42 and #43, read together, suggest that the Mays did not deal with Rocket

either directly or indirectly during the Relevant Period. Thus, these allegations are sufficient, at least at the pleading stage, to support an inference that Rocket Mortgage did not have a permissible purpose related to extending new credit.

Consider a case Rocket Mortgage cites for support. In *Wells v. Craig & Landreth Cars, Inc.*, the plaintiff's complaint failed to sufficiently address the permissible purpose in § 1681b(a)(3)(A). 474 F. App'x 445, 447 (6th Cir. 2012). There, the defendant pulled the plaintiff's credit report when a car dealership, rather than the plaintiff herself, applied for financing on the plaintiff's behalf. *Id.* at 446. Rocket Mortgage cites to *Wells* to support the possibility that some other entity could have triggered the relevant credit transaction that § 1681b(a)(3)(A) requires. This case, however, is different. Here, the Mays have alleged that no relevant "credit transaction" occurred during the Relevant Period because they had no business relationship, either directly or indirectly, with Rocket Mortgage during that time. In contrast, the plaintiff in *Wells* could make no such accusation because she *had* engaged in business, although indirectly, with the defendant. The amended complaint avers that no business dealings, and therefore no pertinent credit transaction, occurred with Rocket Mortgage during the Relevant Period. Accordingly, the Court finds the amended complaint includes factual allegations sufficient to support the reasonable inference that Rocket Mortgage lacked a permissible purpose related to the extension of new credit.

Next, Rocket Mortgage argues that allegations #42 and #43 are insufficient to address § 1681(a)(3)(A) because no ongoing debtor-creditor relationship is necessary for a user to have a permissible purpose related to "reviewing" opened *or* closed accounts. (DE 25 at 7) (citing *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 n.7 (N.D. Cal. May 5, 2003) (§ 1681b does not require "the existence of a debtor-creditor relationship for a party to lawfully acquire a consumer report.") Again, Rocket Mortgage does not

contest the veracity of this allegation and admits that its account with Mr. May was closed during the Relevant Period. Instead, Rocket Mortgage argues that § 1681(a)(3)(A) permits it to pull consumer reports to "review" closed accounts and the amended complaint fails to address this permissible purpose. Because nothing in § 1681(a)(3)(A) limits permissible reviews to open accounts or ongoing debtor-creditor relationships, the Court agrees with Rocket Mortgage's synthesis of this law. *Accord Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1319 (11th Cir. 2009). This nonetheless leaves the Court to address two issues. First, when does "review" of a closed account constitute a permissible purpose under § 1681(a)(3)(A)? And second, does the amended complaint include facts demonstrating Rocket Mortgage did not have this permissible purpose in pulling Mr. May's information?

The Court takes notice that there is little caselaw on the first issue. The most common scenario where review of closed accounts occurs is where a debtor-creditor relationship existed between the plaintiff and defendant, and the plaintiff discharged the debt but certain debt obligations remain. *See e.g., Germain v. Bank of Am.*, N.A., No. 13-CV-676-BBC, 2014 WL 5802018, at *6 (W.D. Wis. Nov. 7, 2014) ("discharge of a debt alone does not extinguish defendant's right to obtain plaintiffs' consumer reports. Until the borrower has fulfilled his debt obligation, lenders may still use the borrower's consumer report to review the account,"); *Helman v. Udren L. Offs., P.C.*, No. 0:14-CV-60808, 2015 WL 1565335, at *6 (S.D. Fla. Apr. 8, 2015) (denying a motion to dismiss because discovery was needed to determine the plaintiff's ongoing debt obligations and the defendant's ongoing rights despite the fact that the plaintiff's debt was discharged in bankruptcy).

Here, the amended complaint does not explicitly address whether the Mays had any ongoing debt obligations during the Relevant Period corresponding to the mortgage that Rocket

Mortgage previously held on Mr. May's property. It does, however, assert that Mr. May's debt with Rocket Mortgage was satisfied by the 2018 foreclosure sale. (DE 19-1 at Page ID# 104.) At the pleading stage, this factual allegation is enough to support a reasonable inference that Rocket Mortgage lacked a permissible purpose related to the review of Mr. May's closed account. Accordingly, just as it was appropriate in *Helman*, it is appropriate here to deny the motion to dismiss to allow discovery regarding whether Rocket Mortgage had a permissible purpose related to reviewing Mr. May's closed account.

**IV.    Conclusion**

For the foregoing reasons, the defendant Rocket Mortgage, LLC's motion to dismiss the amended complaint (DE 25) is DENIED and the motion to dismiss the original complaint (DE 14) is DENIED as moot.

This 18th day of November, 2024.


KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY